ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2011 JUN -7 PM 3:43

CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> $123,206.44 IN U.S. CURRENCY § <br> Defendant *In Rem*. § | NO. <br><br> 4-11CV-380.-Y |

## COMPLAINT FOR FORFEITURE

The United States of America (the Government) files this complaint *in rem* against the Defendant property, to wit, $123,206.44 in U.S. currency (Defendant property) and in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the Supplemental Rules) alleges as follows:

I.

This Court has subject matter jurisdiction of this cause of action by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction because of 28 U.S.C. § 1355(b). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

II.

The statutory bases for this suit are 31 U.S.C. §§ 5317(c)(2) and 5324. Also

Complaint for Forfeiture (Aljaheid) - Page 1

applicable are 31 CFR 103, 18 U.S.C. § 983, and Rule G of the Supplemental Rules.

III.

On or about December 8, 2010, the Defendant property was seized at 2000 North Collins Road, Arlington, Tarrant County Texas within the Northern District of Texas, pursuant to a civil seizure warrant based upon probable cause. Specifically, a United States Magistrate found probable cause and signed a seizure warrant on December 2, 2010 and this warrants led to a seizure. On December 8, 2010, proceedings regarding the Defendant property were approved for administrative forfeiture by the Department of the Treasury, Internal Revenue Service-Criminal Investigations (IRS-CI). The Defendant property was turned over to the Department of the Treasury on January 4, 2011 for the institution of federal forfeiture proceedings. The Defendant property was deposited in the Treasury Suspense account with the Internal Revenue Service Headquarters Customs Suspense Account in New York, New York.

IV.

This action *in rem* is being brought in the United States District Court pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because **Mohd Alhajeid (Alhajeid)** filed a claim to the Defendant property with IRS-CI on March 9, 2011 after receiving notice, pursuant to 18 U.S.C. § 983(a)(1)(A), of an administrative forfeiture proceeding.

V.

The names and last known addresses of any known possible claimants to the Defendant property are:

> **Mohd Aljaheid**
> **2900 Sunset Hills Court**
> **Arlington, Texas 76012**
>
> **Lina Aljaheid**
> **2900 Sunset Hills Court**
> **Arlington, Texas 76012**
>
> **Best Buy Automotive**
> **2109 West Division**
> **Arlington, Texas 76012**

Attorney, Tom Pappas, Founders Square, 800 Jackson Street, Suite 330, Dallas, Tx 75202, represents Aljaheid in IRS-CI's administrative forfeiture proceeding against the Defendant property.

VI.

The Defendant property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because it is property involved in a violation of 31 USC §§ 5313 and 5324. Facts justifying forfeiture are more fully set forth in the Verification Affidavit of IRS-CI Special Agent Alan Hampton, attached hereto and incorporated herein as Exhibit "A."

VII.

WHEREFORE, the Government requests the following:

1. The District Clerk issue a warrant for the arrest of the Defendant property as

provided by Rule G(3)(b)(I) of the Supplemental Rules.

2. The Defendant property be arrested by the Department of Treasury, Internal Revenue Service or other United States Officer or employee as provided by Rule G(3)(c) of the Supplemental Rules.

3. Publication of notice of the Complaint for Forfeiture and warrant for arrest of property are made on the official Government Internet forfeiture site www.forfeiture.gov for at least 30 consecutive days in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules.

4. All persons having any interest in or right against said Defendant property be advised: (1) by said public notice as required by Rule G(4)(a) of the Supplemental Rules; or (2) by direct notice on the known possible claimant(s) in paragraph IV, as required by Rule G(4)(b) of the Supplemental Rules, of the opportunity to timely file a verified claim identifying the interest or right to the Defendant property in this Court as required by Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or a motion under Fed. R. Civ. P. 12 in the manner required by the provisions of Rule G(5)(b) of the Supplemental Rules and 18 U.S.C. § 983(a)(4)(B). Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy of same on Steven Jumes, Assistant United States Attorney, c/o Burnett Plaza, Suite 1700, 801 Cherry Street, Unit #4, Fort Worth, Texas 76102-6882.

5. After all proceedings are had on this Complaint for Forfeiture, that the Defendant

property be condemned by judgment and order of this Court and declared and decreed forfeited to the United States of America according to law.

6. All costs and expenses incurred by the United States in obtaining the condemnation and forfeiture of the Defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable.

7. The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

Steven Jumes
Assistant United States Attorney
Texas State Bar Number 00796854
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Ft. Worth, Texas 76102
Telephone: 817.252.5251
Facsimile: 817.978.3094
**steve.jumes@usdoj.gov**

## Affidavit in Support of Complaint for Forfeiture

### Background

1. I, Alan Hampton, after being duly sworn, depose and state as follows:

   I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation Division (IRS-CI). I have been employed in this capacity since July 1991. My responsibilities include the investigation of possible criminal violations of the Internal Revenue Laws (Title 26 U.S.C.), Bank Secrecy Act (Title 31 U.S.C.), the Money Laundering Control Act (Title 18 U.S.C.), and other related offenses.

2. I am currently assigned to the Internal Revenue Service-Criminal Investigation (IRS-CI) North Texas Asset Forfeiture Task Force in Irving, Texas. Our mission is to identify and investigate possible money laundering and currency structuring violations, specifically, violations of 18 U.S.C. §§ 1956, 1957, and 1960 and 31 U.S.C. §§ 5316, 5324, and 5330.

### Property for Seizure

3. This affidavit is made to obtain a seizure warrant for the following personal property:

   a. $123,206.44 in U.S. Currency

## Legal Authority for Seizure

4. Based on my experience and the information contained in the subsequent paragraphs, I have probable cause to believe the personal property described in paragraph 3 is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(b), 31 U.S.C. § 5317(c), and 18 U.S.C. § 984 because the property was involved in, or is traceable to property involved in, structuring to avoid currency reporting requirements in violation of 31 U.S.C. § 5324(a).

5. 31 U.S.C. § 5313 and 31 C. F. R. Part 103 of the Bank Secrecy Act (BSA) require any financial institution that engages with a customer in a currency transaction (*i.e.*, a deposit or withdrawal) in excess of $10,000.00 to report the transaction to FINCEN on FINCEN Form 104, Currency Transaction Report (CTR). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000.00 during any one business day.

6. CTRs are often used by law enforcement to uncover a wide variety of illegal activities, including narcotics trafficking and money laundering. Many individuals involved in these illegal activities are aware of such

reporting requirements and take active steps to cause financial institutions to fail to file CTRs. These active steps are referred to "structuring." Structuring is defined in 31 CFR 103.11(gg): "[A] person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under section 103.22 of this part. 'In any manner' includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000.00 into smaller sums, including sums at or below $10,000.00, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000.00. The transaction or transactions need not exceed the $10,000.00 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition."

7.     31 U.S.C. § 5324(a)(3) criminalizes structuring. In order to establish a structuring violation, the government must prove that a person structured or assisted in structuring, or attempted to structure or assist in structuring, any transaction with one or more domestic financial institutions for the purposes

of evading the reporting requirements of § 5313(a) or any regulation prescribed under any such section.

8. 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of § 5313, § 5316, or § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy. It is further provided that the property shall be forfeited in accordance with 18 U.S.C. § 981(a)(1)(A).

9. 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is funds deposited in an account in a financial institution, the government does not have to identify the funds involved in the offense that is the basis for the forfeiture; it is no defense that those funds have been removed and replaced by other funds; and identical funds found in the same account as the funds involved in the forfeiture offense are subject to forfeiture. In essence, § 984 allows the government to seize for forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for an unlimited period; a forfeiture action (including a seizure) against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one (1) year from the date of the offense.

## Facts Supporting Probable Cause

### Introduction

10. Best Buy Automotive, Inc., incorporated in the State of Texas in August of 2006, is a used car dealership located at 2109 West Division Street, Arlington, TX. Based on records filed with the Texas Secretary of State, Mohd Alhajeid is listed as the owner/director of the company. Best Buy is involved in the sale of used foreign and domestic automobiles.

### Account

11. Best Buy Automotive maintains a business checking account at Wells Fargo Bank (WF1804). Alhajeid opened this account on or about January 9, 2009. The account lists Mohd Alhajeid and Lina Alhajeid as having signature authority. I have personally reviewed the records for WF1804 for the period beginning January 4, 2010 through August 30, 2010.

12. As set forth in greater detail below, the Best Buy Automotive account WF1804 has been involved in structuring activity aggregating to approximately $465,933.00 during the period January 4, 2010 – August 30, 2010.

13. Prior to opening the account at Wells Fargo Bank, Alhajeid maintained a business bank account at Chase Bank in the name of Best Buy Automotive, Inc. The account was opened in October of 2006. Records received from

Chase Bank indicate the Best Buy account was involved in structuring activity from as early as December of 2006 until February of 2009. From September 1, 2008 until December 9, 2008, there were thirty-eight (38) currency deposits made totaling $273,075.00 in amounts ranging between $1,000.00 and $12,000.00 with only two deposits exceeding $10,000.00. In many instances, cash deposits were made on the same day or sequential calendar days that would aggregate to more than $10,000.00. On December 10, 2008, Chase Bank sent a letter to Best Buy Automotive, attention, Mohd Alhajeid. The letter explained bank CTR requirements and specifically articulated that the deposit pattern appeared to be structured to avoid this requirement. The letter went on to state that "it would be in our mutual best interest for you to change your transaction patterns." Despite the letter, the currency pattern continued. From December 9, 2008 to February 29, 2008, Best Buy made thirty-two (32) cash deposits totaling $209,650.00 with no single deposit exceeding $10,000.00. A sampling of the deposit pattern is listed in the chart below:

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|
| 12/22/2008 | $9,950.00 |
|  | $4,000.00 |
| 01/05/2009 | $9,900.00 |
|  | $6,000.00 |

|  |  | $5,300.00 |
| --- | --- | --- |
|  | 02/18/2009 | $10,000.00 |
|  | 02/19/2009 | $7,000.00 |
|  | 02/26/2009 | $6,800.00 |
|  | 02/27/2009 | $6,000.00 |
|  |  |  |
|  | Total: | $64,950.00 |

On April 27, 2009, based on Best Buy's continued structuring pattern, Chase Bank closed the account.

### Structuring Activity in WF1804

14. An analysis of WF1804 revealed that from January 4, 2010 through August 30, 2010, there were seventy-three (73) structured currency deposits into the account totaling $465,933.00. The majority of these deposits were between $6,000.00 -$9,900.00. No single deposit exceeded $10,000.00. The chart below sets forth the dates and amounts of the structured cash deposits into the Best Buy Account during this period:

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
| --- | --- |
| 01/04/2010 | $9,500.00 |
| 01/05/2010 | $9,500.00 |
| 01/07/2010 | $9,000.00 |
| 01/08/2010 | $10,000.00 |
| 01/11/2010 | $9,500.00 |
|  | $9,800.00 |
|  | $9,900.00 |
| 01/12/2010 | $9,000.00 |

|  |  |
|---|---|
|  | $9,000.00 |
| 01/14/2010 | $5,000.00 |
|  | $9,700.00 |
| 01/15/2010 | $3,000.00 |
|  | $1,475.00 |
| 01/19/2010 | $9,800.00 |
|  | $8,000.00 |
|  | $9,000.00 |
| 01/20/2010 | $8,000.00 |
| 01/21/2010 | $8,400.00 |
| 01/22/2010 | $6,200.00 |
| 02/01/2010 | $4,000.00 |
| 02/02/2010 | $2,900.00 |
| 02/03/2010 | $7,700.00 |
|  | $5,330.00 |
| 02/08/2010 | $7,600.00 |
|  | $1,000.00 |
| 02/09/2010 | $7,900.00 |
| 02/10/2010 | $1,000.00 |
| 02/18/2010 | $4,675.00 |
|  | $7,000.00 |
|  | $3,000.00 |
| 02/22/2010 | $10,000.00 |
| 03/22/2010 | $9,900.00 |
| 03/23/2010 | $2,100.00 |
|  | $3,000.00 |
|  | $5,000.00 |
| 03/24/2010 | $2,000.00 |
| 03/29/2010 | $2,500.00 |
|  | $7,700.00 |
| 04/02/2010 | $8,280.00 |
| 04/05/2010 | $9,900.00 |
| 04/06/2010 | $7,500.00 |
|  | $2,100.00 |
| 04/07/2010 | $6,500.00 |
| 04/08/2010 | $3,400.00 |
| 04/12/2010 | $1,950.00 |
|  | $4,600.00 |
|  | $7,300.00 |

| Date | Amount |
|---|---|
| 05/07/2010 | $9,980.00 |
| 05/10/2010 | $7,170.00 |
| 05/17/2010 | $8,100.00 |
| 05/24/2010 | $8,000.00 |
| 05/26/2010 | $6,720.00 |
| 06/04/2010 | $9,000.00 |
| 06/08/2010 | $4,000.00 |
| 06/09/2010 | $3,000.00 |
| 06/11/2010 | $8,300.00 |
| 06/17/2010 | $7,500.00 |
| 06/21/2010 | $9,900.00 |
| 07/07/2010 | $6,275.00 |
|  | $6,865.00 |
| 08/06/2010 | $9,900.00 |
| 08/12/2010 | $1,500.00 |
| 08/13/2010 | $9,900.00 |
| 08/16/2010 | $4,000.00 |
|  | $7,293.00 |
|  | $2,000.00 |
| 08/17/2010 | $9,920.00 |
| 08/18/2010 | $9,000.00 |
| 08/19/2010 | $2,500.00 |
| 08/20/2010 | $1,600.00 |
|  | $2,000.00 |
| 08/30/2010 | $2,400.00 |
|  | $9,500.00 |
|  |  |
| **TOTAL** | **$465,933.00** |

15. Based on my training and experience, I know individuals trying to avoid the CTR requirement will sometimes make multiple currency deposits just under the reporting limit. Based on my training and experience, I also know that multiple cash deposits of amounts such as $6,500.00, $8,100.00, $9,000.00, $9,500.00, $9,980.00, or $10,000.00 over a short period of time

can indicate the breaking up of a larger amount of money into smaller deposits to avoid triggering the filing of a CTR (mandatory for amounts in excess of $10,000.00). In short, this kind of activity is indicative of structuring.

16. The pattern of deposits to WF1804 is consistent with structuring to avoid the filing of CTRs.

17. On December 2, 2010 United States Magistrate Judge Jeffrey L. Cureton found probable cause and signed a seizure warrant authorizing the seizure of up $465,933.00 from WF1804. Such warrant was executed and returned on December 8, 2010. $123,206.44 was the amount seized on December 8, 2010 and is the Defendant Property in this matter.

Conclusion

18. Based on my experience and the information set out in paragraphs 4 – 16, I have probable cause to believe the previously-mentioned $465,933.00 in cash deposits into WF1804 were structured to evade currency reporting requirements in violation of 31 U.S.C. § 5324(a). Therefore, I have probable cause to believe the property described in paragraph 3 constitutes property involved in, or property traceable to property involved in, a violation of 31 U.S.C. § 5324(a) and is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(b); 31 U.S.C § 5317(c)(2); 18 U.S.C. § 981(a)(1)(A); and 18 U.S.C. § 984.

_____
Alan Hampton
Special Agent
IRS Criminal Investigation Division

Subscribed to and sworn before me on this ____7____ day of June 2011.



_____
Notary Public, State of Texas

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION
2011 JUN -7 PM 3:44
4-11CV-380-Y
CLERK OF COURT

## I. (a) PLAINTIFF
UNITED STATES OF AMERICA

## DEFENDANT(S)
$123,206.44 in U.S. Currency

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven Jumes
United States Attorney's Office
1700 Burnet Plaza,
801 Cherry St., Unit #4
Ft. Worth, Texas 76102
817.252.5251; fax 817.978.3094
Steve.Jumes@usdoj.gov

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Cntry | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 U.S.C. 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | | | [ ] 620 Other Food & Drug. | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 625 Drug Related Seizure of Property 21U.S.C. 881 | [ ] 423 Withdrawal 28 U.S.C. 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 315 Airplane Product Liability | | | | [ ] 450 Commerce/ICC Rates, etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans) | [ ] 330 Federal Employers Liability | | [ ] 650 Airline Regs. [ ] 660 Occupational Safety/Health | [ ] 820 Copyrights | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment at Veteran's Benefits | [ ] 340 Marine | **PERSONAL PROPERTY** | [X] 690 Other | [ ] 830 Patent | [ ] 850 Securities/ Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | | [ ] 840 Trademark | |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | | [ ] 875 Customer Challenge 12 U.S.C. 3410 |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| | | [ ] 385 Property Damage Product Liability | | [ ] 861 HIA (1395f) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | | | | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | | | | [ ] 864 SID Title XVI | |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | **Habeas Corpus** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| [ ] 290 All other Real Property | [ ] 444 Welfare | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 535 Death Penalty | | | |
| | | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act. | [ ] 871 IRS - Third Party 26 U.S.C. 7609 | [ ] 890 Other Statutory Actions |
| | | [ ] 550 Other (including 1983 Actions) | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTE UNLESS DIVERSITY)

CIVIL FORFEITURE --31 U.S.C. §§ 5317(c)(2) and 5324.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23  DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [XX] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE**
June 7, 2011

**SIGNATURE OF ATTORNEY OF RECORD**
*Steven Jumes* (signature)

UNITED STATES DISTRICT COURT

Steve Jumes, Assistant United States Attorney